# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: KEURIG GREEN MOUNTAIN SINGLE SERVE COFFEE ANTITRUST LITIGATION | Misc. Case No. _____<br><br>MDL No. 2542<br><br>Master Docket No. 1:14-md-2542-VSB<br>(Pending in United States District Court, Southern District of New York) |

**MOTION TO QUASH SERVICE OF SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION SERVED ON NON-PARTY, <u>OPEM, S.P.A. AND INCORPORATED MEMORANDUM OF LAW</u>**
*(Certificate of Compliance with Local Rule 7.1 attached)*

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, and any other applicable rules, OPEM S.p.A ("OPEM"), by its undersigned attorneys, Akerman LLP, hereby moves to quash service of the Subpoena to Testify at a Deposition in a Civil Action (the "Motion"), that was delivered by Direct Purchaser Plaintiffs to Alfonso Paolone, GPI Solution, 1671 NW 144th Ter Ste 108, Sunrise, Florida 33323-2879 (the "Subpoena"),[1] as follows:

## I.     Improper Service

The Subpoena was not properly served upon OPEM.[2] Mr. Paolone is not an officer, director, employee, managing or registered agent of OPEM. Rather, Mr. Paolone is an officer of GPI Solution, LLC ("GPI"), a Florida company, which has a sales agency agreement with OPEM, but neither Mr. Paolone nor anyone at GPI is authorized to accept service of process or subpoenas

---

[1] A copy of the Subpoena issued from the United States District Court, Southern District of New York, as delivered to Mr. Paolone is attached to Mr. Paolone's Affidavit as Exhibit A. Due to the COVID-19 worldwide pandemic, the return date on the Subpoena has been extended by agreement to April 22, 2020.

[2] Because Federal Rule of Civil Procedure 45 does not specify what constitutes personal service on a corporation, courts rely on the service of process requirements in Rule 4. *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 305 (S.D. NY 2009).

on behalf of OPEM.  *See* Affidavit of Alfonso Paolone and Declaration of Ombretta Sarassi, of OPEM, filed with this Motion as Exhibits A and B.  The fact that GPI has a business relationship with OPEM does not make it OPEM's managing or general agent or authorize it to accept service of process.  *See Pyure Brands, LLC v. Nascent Health Science LLC*, 2019 WL 7945231 (S.D. Fl 2019) (service on American importer and wholesaler of defendants' products was improper where wholesaler was neither a subsidiary of nor controlled by the defendant).

Mr. Paolone advised the process server when the Subpoena was delivered that he was not authorized to receive or accept process or subpoenas, but the process server demanded that he accept service because the Subpoena was addressed to "OPEM, S.P.A. c/o Alfonso Paolone." Upon the demand of the process server and over Mr. Paolone's objection, the Subpoena was left with Mr. Paolone. *See Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229 (M.D. Fla. 1993) (quashing service made on employee who was not officer, managing or general agent for corporation); *Pollard v. Steel Systems Const. Co.*, 581 F.Supp. 1551 (S.D. Fla. 1984) (dismissing action where service on limited agent was insufficient service on a corporation).

## II.      Improper Location of Deposition

OPEM is an Italian company.  All persons with any knowledge of the 14 designated topics in the Subpoena are located in Parma, Italy, the headquarters of OPEM.  *See* Declaration of Ombretta Sarassi, Exhibit B, paragraph 4.  Thus, any potential designee for OPEM both resides and works outside the State of Florida and far in excess of 100 miles from the Fort Lauderdale, Florida location of the deposition.  See Rule 45(c)(1)(A); *see also Queen v. State Farm Mut. Ins. Co.*, 2019 WL 3716806 *2 (S.D. Fla. 2019) ("Under Federal Rule of Civil Procedure 45, a court may quash or modify a subpoena if it … requires a person who is not a party to travel more than 100 miles from where the person resides …") (citation omitted); *In re Kurbatova,* 2019 WL

2180704 *3 (S.D. Fla. 2019) (quashing subpoena where corporation did not have any employees within Florida); *In re Moose Enterprises Pty. Ltd.*, 2016 WL 10987320 (C.D. Cal. 2016) (Rule 45 subpoena quashed where witnesses with knowledge were in Australia, regardless of whether company had offices in the United States); *Wultz v. Bank of China Ltd.*, 293 F.R.D. 677 (S.D. N.Y. 2013) (quashing subpoena where witnesses with knowledge were in Israel and rejecting argument that local employees should "learn" the facts in order to testify).

To the extent this deposition could take place at all, and OPEM does not concede that it could, it must be sought in accordance with the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention").

### III.     Rule 30(b)(6) Topics Constitute Undue Burden and Are Not Described With Reasonable Particularity

While the Subpoena should be quashed for each of the reasons set forth above, OPEM notes its position that the Subpoena should also be quashed because it demands that OPEM produce a corporate representative to testify on 14 topics (the "Topics") that are not described with reasonable particularity as required by Rule 30(b)(6). The 14 Topics, and the accompanying Definitions and Rules of Construction, are vague and extremely overbroad. Given the unreasonable breadth and scope, compliance with the Subpoena would impose an undue and unfair burden on OPEM, a non-party to the underlying case.

The court may quash or modify a subpoena that subjects a person to undue burden. *Plouffe v. Geico Gen. Ins. Co.*, 2017 WL 7796323 (S.D. Fla. 2017).

> To determine whether the subpoena imposes an undue burden the court must consider at least six factors: (1) the relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents and (6) the burden imposed. Further, if the person to whom the document request is a non-party, the court may also consider the expense and inconvenience to the non-party.

*Id.* For example, the court found a subpoena was "grossly overbroad and unduly burdensome" where it sought "the production of 'any and all documents' that 'refer to, relate to, or evidence' 10 categories of documents over a ten-year period." *Progressive Emu Inc. v. Nutrition & Fitness Inc.*, 785 Fed.App'x 622, 628 (11th Cir. Aug. 13, 2019) (affirming sanction against law firm serving overly broad subpoena on the eve of trial).

Here the Subpoena contains no limitation with respect to the Topics' time period or scope. For example, the Topics seek testimony on any "Communications" that OPEM may have had with "KGM," as well as any "Communications" with any "KGM Competitors" (Subpoena Topics, Nos. 1 and 2).[3] OPEM—whose business is manufacturing machines which make single serve coffee products—previously manufactured and sold such machines to KGM and continues to sell replacement parts for such machines. OPEM also manufactures and sells machines all around the world to other companies which make single serve coffee products. In essence, Topics 1 and 2 describe potentially *all* communications with *all* of OPEM's customers with no time limitation whatsoever. No corporate representative can be reasonably expected to testify to *every* communication that any representative or employee of a company has with its customers.

Other Topics appear to seek testimony on issues that may contain proprietary, confidential or sensitive business information, trade secrets, or private consumer financial information belonging to OPEM and/or its clients (e.g., Subpoena Topics, Nos. 5, 7, 8, 9). Still others would

---

[3] KGM is broadly defined to include "Keurig Green Mountain, Inc. (f/k/a Green Mountain Coffee Roasters, Inc.) and Keurig, Inc. and Includes, without limitation, (i) any of its subsidiaries, corporate parents, affiliates, divisions, departments, or other organizational or operational units; (ii) all of its predecessors (Including, but not limited to, Green Mountain Coffee Roasters, Inc. and Keurig, Inc.) and successors in interest and their subsidiaries, affiliates, and assigns; and (iii) all of its present and former officers, directors, Employees, partners, consultants, representatives, agents, attorneys and Persons acting or purporting to act on their behalf.." (Subpoena at 2-3). "KGM Competitors" is similarly defined as "any Person, other than KGM, engaged in the business of designing, manufacturing, distributing, leasing, or selling Single-Serve Brewers and/or Portion Packs." (Subpoena at 3).

infringe on areas that are protected by legal professional privilege or are otherwise not relevant to the underlying case (e.g., Subpoena Topics, Nos. 13, 14).  These are all further grounds that support granting the Motion.  *See* Rule 45(d)(3)(A)-(B) (district court is required to quash subpoena where it requires disclosure of privileged matter or subjects recipient to undue burden, and may quash subpoena that requires disclosure of a trade secret or other confidential commercial information).  The foregoing are just several examples of the undue burden that compliance with the Subpoena will impose on OPEM.  OPEM reserves the right to assert general and specific objections with respect to each Topic in the event this Motion is denied.

### IV.     Conclusion

For all of the foregoing reasons, OPEM respectfully requests that the Court grant this Motion and quash the Subpoena.

**CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THIS MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

Dated:  April 16, 2020

Respectfully submitted,

AKERMAN LLP
777 South Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile:  (561) 659-6313
Primary E-mail: jim.mccann@akerman.com
Secondary E-mail: luke.bovat@akerman.com
*Attorneys for Non-Party Witness, Opem, S.p.A.*

By: */s/ James M. McCann*
    James M. McCann, Esq.
    Florida Bar No. 182545

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2020, a true and correct copy of the foregoing document is being served via email on all counsel of record identified on the following Service List.

By: */s/ James M. McCann*
James M. McCann, Esq.

## SERVICE LIST

James M. McCann, Esq.
AKERMAN LLP
777 S. Flagler Dr., Suite 1100 West Tower
West Palm Beach, FL 33401
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
james.mccann@akerman.com
luke.bovat@akerman.com
*Attorneys for Non-Party Witness,*
*Opem, S.p.A.*

Robert G. Eisler, Esq.
Deborah A. Elman
GRANT & EISENHOFER P.A.
485 Lexington Ave., 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
reisler@gelaw.com
delman@gelaw.com
*Attorneys for Direct Purchaser Plaintiffs and*
*Interim Co-Lead Counsel for the Proposed*
*Direct Purchaser Plaintiff Class*

William V. Reiss, Esq.
David B. Rochelson, Esq.
ROBINS KAPLAN LLP
399 Park Ave., Suite 3600
New York, NY 10022
Telephone: (212) 980-7400
wreiss@robinskaplan.com
drochelson@robinskaplan.com
*Attorneys for Direct Purchaser Plaintiffs and*
*Interim Co-Lead Counsel for the Proposed*
*Direct Purchaser Plaintiff Class*

Michael M. Buchman, Esq.
Michelle C. Zolnoski, Esq.
MOTLEY RICE LLC
600 Third Ave, Suite 2101
New York, NY 10016
Telephone: (212) 577-0050
mbuchman@motleyrice.com
mzolnoski@motleyrice.com
*Attorneys for Direct Purchaser Plaintiffs and*
*Interim Co-Lead Counsel for the Proposed*
*Direct Purchaser Plaintiff Class*